CLETUS BODE, APPELLANT, V. WILLIAM F. PRETTYMAN, APPELLEE.

31 N. W. 2d 429

Filed March 19, 1948. No. 32333.

*William S. Padley,* for appellant.

*Dent & Plummer,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

This case was argued to this court on December 3, 1947, an opinion of affirmance was released January 16, 1948, is found *ante* p. 179, 30 N. W. 2d 627, and to that opinion this is supplementary.

After the filing of appellant's motion and brief for rehearing, an oral argument was allowed thereon.

We have found that there is a material discrepancy between the decree of the trial court, which we affirmed, and the record in this case. The decree found as follows:

"The Court further finds from the evidence that all of the books and records of said partnership were kept by the plaintiff; that according to his books and records, he had on hand at the time of the trial of this matter $2,361.29 of partnership funds including cash and accounts receivable; that in addition thereto he had wrong-fully taken from said partnership funds $100.00 for the purpose of paying his attorney a retainer fee, and that he had wrongfully taken from said funds $445.83 for the purpose of paying a personal obligation to the North Platte Loan & Finance Company, so that the plaintiff should account to the partnership for $2,907.12." The judgment was entered accordingly.

In the evidence in the bill of exceptions, J. H. Hansen, a public accountant, testified on cross-examination: "Q Then, from Exhibit 2, Exhibit 4 and 5, and the additional fact that Mr. Bode is entitled to one dollar of each eight dollars and fifty cents of gross income; your testimony is then; that the total amount of cash, plus accounts receivable belonging to this partnership, is $2361.29? A Yes sir. Q And Exhibit C, should be corrected to that effect? A It could be C - - Q If Exhibit C is corrected to make the changes are- including the $100 payment to me, myself; the $45 payment on the freight, and the

$445.83 payment which was improperly charged to the Company, in Exhibit 2- A Yes. Q All of those things taken into account, plus this credit for Mr. Bode, leaves, both accounts receivable and cash, is $2361.29? A Yes sir."

Thus it will be seen that the appellant was twice charged with the two items of the $100 retainer fee, paid to his attorney in this case, and $445.83 used in paying a personal obligation. Deducting these two items from the sum of $2,907.12, which the decree of the trial court required him to account for, leaves the correct amount of only $2,361.29, for which appellant should be required to account.

The trial court thereafter gave plaintiff credit for $802 paid the Fuchs Machinery Company on the scraper and $237 paid on the tilt dozer out of plaintiff's own funds, which sums, amounting to $1,039, being credited on the amount found due by this court of $2,361.29, leaves a net balance of only $1,322.29, for which appellant should be required to account.

With this modification, the decree of the trial court is affirmed. The motion for rehearing is, in all other respects, overruled.

AFFIRMED AS MODIFIED.